UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTONIO ROSAS-RAMIREZ,<br>Defendant. | Case No. 18-CR-00053-LHK<br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br>Re: Dkt. No. 13 |

Before the Court is Defendant Antonio Rosas-Ramirez's ("Defendant") motion to dismiss the indictment for illegal reentry following deportation in violation of 8 U.S.C. § 1326. ECF No. 13 ("Mot."). Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Defendant contends that the immigration judge who issued Defendant's 2014 removal order did not have jurisdiction to issue such an order because Defendant's Notice to Appear for his removal proceedings did not state a date, time, and place for the removal proceedings. *Id.* at 1. Having considered the filings of the parties, the relevant law, and the record in this case, the Court DENIES Defendant's motion to dismiss the indictment.

## I. BACKGROUND

### A. Factual Background

1

Case No. 18-CR-00053-LHK
ORDER DENYING MOTION TO DISMISS INDICTMENT

On February 13, 2014, Defendant was served with a Notice to Appear for removal proceedings under 8 U.S.C. § 1229. *See* Mot, Ex. A ("Notice to Appear"). The Notice to Appear set forth factual allegations against Defendant regarding his unlawful presence in the United States and his 1996 conviction for Trafficking/Selling a controlled substance, but did not state a date, time and place for his removal hearing. *Id.* Instead, the Notice stated that a date, time, and place were "to be set." *Id.*

Five days later, on February 18, 2014, the Immigration Court sent a document entitled "Notice of Hearing in Removal Proceedings, which stated that Defendant's hearing would take place on February 27, 2014, at 9:30 a.m., before the Immigration Court in San Francisco. *See* Mot., Ex. B ("Notice of Hearing"). The hearing did in fact take place on that date. *See* Mot. at 1. Defendant was present and assisted by an interpreter. *Id.* The immigration judge ordered Defendant removed to Mexico. *See* Mot., Ex. C ("Order of Removal.").

### B. Procedural History

On February 8, 2018, a grand jury in the Northern District of California returned an indictment, charging Defendant with one count of a violation of 8 U.S.C. § 1326, Illegal Re-Entry Following Deportation. ECF No. 1. Defendant filed the instant motion to dismiss on December 5, 2019. *See* Mot. The United States filed an opposition on January 16, 2019. ECF No. 19. Defendant filed a reply on January 23, 2019. ECF No. 20. The United States filed supplemental authority, specifically the Ninth Circuit's *Karingithi v. Whitaker* decision, on January 28, 2019. ECF No. 21. The United States filed a statement of recent decision, attaching the order of United States District Judge Beth Labson Freeman denying a motion to dismiss similar to the instant motion, on January 29, 2019. ECF No. 22.

## II. LEGAL STANDARD

### A. Motion to Dismiss Indictment

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court must accept the allegations in the indictment as true and

2

"analyz[e] whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.* A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986).

### B. Collateral Attack on a Deportation

"For a defendant to be convicted of illegal reentry under 8 U.S.C. § 1326, the Government must establish that the defendant left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Raya–Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (internal quotation marks and citation omitted). "A defendant charged under § 1326 has a due process right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *Id.* (internal quotation marks and citation omitted).

To demonstrate that a prior deportation cannot serve as the basis of an indictment for illegal reentry, 8 U.S.C. § 1326(d) requires that a defendant "demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review'; and (3) the removal order was 'fundamentally unfair.'" *Raya–Vaca*, 771 F.3d at 1201 (quoting 8 U.S.C. § 1326(d)) (brackets in original). "To satisfy the third prong—that the order was fundamentally unfair—the defendant bears the burden of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice." *Id.* (internal quotation marks, citation, and brackets omitted).

### III. DISCUSSION

Defendant filed his motion on December 5, 2018. *See* Mot. On January 28, 2019, the Ninth Circuit issued its ruling in *Karingithi v. Whitaker*, No. 16-70885, 2019 WL 333335 (9th Cir. Jan. 28, 2019), in which the Ninth Circuit held that an immigration judge had jurisdiction over removal proceedings even though the Notice to Appear lacked a date and time for the removal proceedings.

1   Specifically, the Ninth Circuit held as follows.

2   First, the Immigration and Nationality Act ("INA") regulations and not the INA statute governed the requirements for a Notice of Appear and thus defined when the immigration judge's jurisdiction vests. *Id.* at *1 (citing 8 C.F.R. § 1003.13, 1003.14(a)). Under the relevant regulations, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a). A "[c]harging document means the written instrument which initiates a proceeding before an Immigration Judge," and includes a "Notice to Appear." 8 C.F.R. § 1003.13. Both the INA statute and regulations define a "Notice to Appear." The statute at 8 U.S.C. § 1229(a)(1)(G)(i) provides that in removal proceedings, written notice referred to as a "Notice to Appear" shall be given to the alien specifying, among other things, the "time and place at which the proceedings will be held." The regulation at 8 C.F.R. § 1003.15 provides that a Notice to Appear "must also include" much of the same information as required by statute under 8 U.S.C. § 1229(a), except that the requirement of the "time and place" of the removal proceeding is omitted. The Ninth Circuit in *Karingithi* explained that because the regulations define when jurisdiction vests, the regulatory definition for "Notice to Appear" also necessarily governs when a Notice to Appear is sufficient for jurisdictional purposes. *Karingithi*, 2019 WL 333335, at *3. Therefore, the Ninth Circuit explained that pursuant to the regulations, a Notice to Appear need not include time and date information to vest jurisdiction with the immigration judge. *Id.*

Second, the Ninth Circuit found *Pereira* inapplicable to the issue regarding an immigration judge's jurisdiction in removal proceedings. *See id.* The Ninth Circuit explained that *Pereira* was limited to the narrow context of the stop-time rule. *Id.* Moreover, the Ninth Circuit was particularly persuaded by the fact that the stop-time rule at issue in *Pereira* concerned the stop-time statute (8 U.S.C. § 1229b(d)(1)) that specifically cross-referenced 8 U.S.C. § 1229(a), the statute defining a "Notice to Appear." *See id.* By contrast, the regulation regarding an immigration judge's jurisdiction in removal proceedings does not cross-reference 8 U.S.C. § 1229(a), the statute defining a "Notice to Appear." As the Ninth Circuit stated, "[t]here is no 'glue' to bind §

4

1229(a) and the jurisdictional regulations [at issue here]: the regulations do not reference § 1229(a), which itself makes no mention of the IJ's jurisdiction." *Id.*

Therefore, applying the Ninth Circuit's reasoning in *Karingithi*, the Court finds that in the instant case, Defendant's Notice to Appear that lacked date, time, and place information was still sufficient to vest the immigration judge in Defendant's underlying removal proceeding with jurisdiction. Thus, Defendant's instant collateral attack fails.

Further, the Court notes that like the petitioner in *Karingithi,* the instant Defendant also ultimately received actual notice of the hearing through the February 18, 2014 Notice of Hearing, and Defendant in fact attended his removal proceeding. *See Karingithi*, 2019 WL 333335, at *1; *see also* Notice of Hearing. Such actual notice defeats Defendant's arguments regarding due process and prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss the indictment.

**IT IS SO ORDERED.**

Dated: February 4, 2019

_____
LUCY H. KOH
United States District Judge