UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTONIO ROSAS-RAMIREZ,<br>Defendant. | Case No. 18-CR-00053-LHK-1<br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 25 |

On February 4, 2019, the Court denied Defendant Antonio Rosas-Ramirez's ("Defendant") motion to dismiss Defendant's 8 U.S.C. § 1326 indictment. ECF No. 23 ("2/4/19 Order"). Specifically, Defendant brought a challenge to the immigration judge's jurisdiction over Defendant's 2014 removal proceedings based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). This Court's 2/4/19 Order relied on the Ninth Circuit's January 28, 2019 decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). In *Karingithi*, the Ninth Circuit held that an immigration judge had jurisdiction over removal proceedings even though the Notice to Appear lacked removal hearing date and time information. Thus, in the instant case, this Court found that the immigration judge had jurisdiction over the Defendant's 2014 removal proceedings, and therefore, Defendant's collateral attack failed. *See id.* Before the Court is Defendant's motion for leave to file a motion

for reconsideration. ECF No. 25 ("Mot."). Having considered the Defendant's motion, the relevant law, and the record in this case, the Court DENIES Defendant's motion for leave to file a motion for reconsideration.

## I. BACKGROUND

Defendant is a noncitizen who was previously ordered removed from the United States on or about July 15, 1998, February 25, 2002, and March 1, 2014. ECF No. 1 ("Indictment."). On or about April 24, 2014, Defendant was found in the United States. *See id.* On February 8, 2018, a grand jury in the Northern District of California returned an indictment, charging Defendant with one count of a violation of 8 U.S.C. § 1326, Illegal Re-Entry Following Deportation. *See id.*

Defendant filed a motion to dismiss on December 5, 2019. ECF No. 14. The government filed an opposition on January 16, 2019. ECF No. 19. Defendant filed a reply on January 23, 2019. ECF No. 20. The government filed supplemental authority, specifically the Ninth Circuit's *Karingithi v. Whitaker* decision, on January 28, 2019. ECF No. 21. The United States also filed a statement of recent decision, attaching the order of United States District Judge Beth Labson Freeman denying a motion to dismiss, on January 29, 2019. ECF No. 22. The hearing on Defendant's motion to dismiss was set for February 6, 2019. *See* ECF No. 14.

On February 4, 2019, two days before the hearing was set for Defendant's motion to dismiss, the Court decided the motion on the papers and denied Defendant's motion to dismiss Defendant's 8 U.S.C. § 1326 indictment ("February 4, 2019 Order"). *See* 2/4/19 Order.

On February 5, 2019, Defendant filed the instant motion for leave to file a motion for reconsideration. *See* Mot. The government did not respond.

## II. DISCUSSION

Defendant seeks reconsideration of this Court's February 4, 2016 Order. *See* Mot. The Criminal Local Rules indicate that "[t]he provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules." Crim. L.R. 2-1. Under Civil Local Rule 7- 9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any

2

Case No. 18-CR-00053-LHK-1
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Thus, before Defendant may seek reconsideration of this Court's February 4, 2019, the Court must grant leave for Defendant to file a motion for reconsideration. The Court first addresses whether Defendant has satisfied the requirements for granting leave to file a motion for reconsideration. The Court then discusses whether, if leave were granted, Defendant has satisfied the standard for a motion for reconsideration

### A. Leave to File a Motion for Reconsideration

As noted above, to seek reconsideration of an interlocutory order, Defendant must obtain leave under Civil Local Rule 7-9 on one of the grounds described in Civil Local Rule 7-9(b). Civil Local Rule 7-9(b) only allows for reconsideration of an interlocutory order where:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Defendant argues that he satisfies the requirements of Rule 7-9(b) because the defense "has exercised reasonable diligence under Civil L.R. 7-9(b)(1) in researching and briefing the inapplicability of *Karingithi* since it was issued on January 28, 2019." Mot. at 2. Defendant argues that he intended to present arguments to the Court regarding the inapplicability of the Ninth Circuit's January 28, 2019 decision in *Karingithi* through written briefing on February 5, 2019 and oral argument at the scheduled February 6, 2019 hearing. *Id.* Defendant takes issue with the fact that "without prior notice to the parties, the Court issued its order on February 4, 2019," before the February 6, 2019 hearing. *Id.*

The Court finds that Defendant has not satisfied the requirements of Rule 7-9(b). As an

3
Case No. 18-CR-00053-LHK-1
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

initial matter, the Court has discretion pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b) to determine a motion without oral argument. *See* Civil L.R. 7-9(b); *see also* Fed. R. Civ. P. 78(b). Therefore, the Court was permitted to decide the Defendant's motion on the papers. Moreover, while the motion was pending, the government filed a statement of recent decision presenting *Karingithi* to the Court on January 28, 2019, the day *Karingithi* was decided. ECF No. 22. At that point, Defendant could have filed a request to file a supplemental brief and informed the Court that Defendant would have liked to file his supplemental brief by February 5, 2019. Instead, the Defendant remained silent on Monday, January 28, 2019; Tuesday, January 29, 2019; Wednesday, January 30, 2019; Thursday, January 31, 2019; Friday, February 1, 2019; Saturday, February 2, 2019; Sunday, February 3, 2019; and Monday, February 4, 2019. The Court filed its 2/4/19 Order on Monday, February 4, 2019 at 3:09 p.m. ECF No. 23. Accordingly, because the Court had discretion to decide the motion on the papers pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b), and because the Court considered *Karingithi* in its February 4, 2019 Order, the Court DENIES Defendant's motion for leave to file a motion for reconsideration.

### B. Motion for Reconsideration

Even if the Court were to grant Defendant leave to file a motion for reconsideration, the Court would deny the motion for reconsideration. "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Mendez*, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) (citing *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007)). In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *See id.* (applying the standard governing Rule 60(b)); *Hector*, 368 F. Supp. 2d at 1063 (analyzing a reconsideration motion as a Rule 59(e) motion). The district court generally applies the same analysis under both rules, and its decision is reviewed for abuse of discretion. *See Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (discussing Rule 60(b)); *Fuller v. M.G. Jewelry*,

4

1  950 F.2d 1437, 1441 (9th Cir. 1991) (discussing Rule 59(e)).

Under Rule 59(e), "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see Snider v. Greater Nev. LLC*, 426 F. App'x 493, 495 (9th Cir. 2011). Under Rule 60(b), reconsideration is permitted upon a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under the sixth category "requires a finding of 'extraordinary circumstances.'" *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (quoting *McConnell v. MEBA Med. & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985)).

Defendant's proposed motion for reconsideration raises several arguments for why the Ninth Circuit's *Karingithi* decision was wrongly decided. *See* Mot. at 2–14. Although the Ninth Circuit panel may ultimately prove incorrect in its determination, "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Thus, the Court declines Defendant's invitation to second guess the Ninth Circuit's *Karingithi* decision. Accordingly, the Court DENIES Defendant's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: April 8, 2019

LUCY H. KOH
United States District Judge